RANDY RENICK (CA Bar No. 179652)
(Email: rrr@hadsellstormer.com)
CORNELIA DAI (CA Bar No. 207435)
(Email: cdai@hadsellstormer.com)
SARH CAYER (CA Bar No. 334166)
(Email: scayer@hadsellstormer.com)
**HADSELL STORMER RENICK & DAI, LLP**
128 North Fair Oaks Avenue, Suite 204
Pasadena, California 91103-3645
Telephone: (626) 585-9600
Fax: (626) 577-7079

JAY SMITH (CA Bar No. 166105)
(Email: js@gslaw.org)
JOSHUA F. YOUNG (CA Bar No. 232995)
(Email: jyoung@gslaw.org)
EMILY OLIVENCIA-AUDET (CA Bar No. 342116)
(Email: eolivencia@gslaw.org)
**GILBERT & SACKMAN**
**A LAW CORPORATION**
800 Wilshire Boulevard, Suite 1410
Los Angeles, California 90017
Telephone: (323) 938-3000
Fax: (323) 937-9139

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUDIE PLEASANT, LAURIE WALLACE, and STEVE PADILLA, individually and on behalf of all similarly situated current and former employees,<br><br>Plaintiffs,<br><br>v.<br><br>PHILLIPS 66 COMPANY, a Delaware corporation, and DOES 1 through 10, inclusive,<br><br>Defendant. | Case No.<br><br><u>CLASS ACTION</u><br><br>**CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>1. Failure to Pay Reporting Time Pay (Lab. Code § 218; IWC Wage Order 1-2001; 8 C.C.R. § 11010<br>2. Failure to Pay All Wages Earned at Termination (Labor Code §§ 200-203)<br>3. Failure to Furnish Accurate Itemized Wage Statements (Lab. Code. §§ 226 and 226.3)<br><br>DEMAND FOR JURY TRIAL |

**INTRODUCTION**

1. Sudie Pleasant, Laurie Wallace, and Steve Padilla ("Named Plaintiffs") bring this action against Defendant PHILLIPS 66 COMPANY ("Phillips 66") and other as of yet unnamed Defendants (collectively, "Defendants"), alleging violations of the California Labor Code. Named Plaintiffs bring this action individually and as a proposed class action on behalf of similarly situated current and former employees who have been employed by Defendants at Defendant Phillips 66's oil refineries, chemical plants, and distribution facilities in Wilmington, California (the "Los Angeles Refinery"); Rodeo, California (the "San Francisco Refinery"); and Arroyo Grande, California (the "Santa Maria Refinery") (collectively, the "California Refineries").

2. Named Plaintiffs seek class-wide relief under California law for Defendant's breach of its legal obligations to pay reporting time pay, pay all wages earned at termination, and to furnish timely and accurate wage statements pursuant to California Labor Code §§ 200-203, 218, 226, and 226.3; 8 C.C.R. § 11010; and California Industrial Welfare Commission Wage Order No. 1-2001 ("Wage Order 1-2001") to its employees at the California Refineries.

**PARTIES**

3. Named Plaintiff Sudie Pleasant is, and at all relevant times was, a competent adult residing in Los Angeles County and a citizen of the State of California. Plaintiff Pleasant has been employed by Defendants within the State of California and was an "employee" as defined in Wage Order 1-2001. Until her retirement on January 1, 2025, Named Plaintiff Pleasant was employed at Defendants' Los Angeles Refinery.

4. Named Plaintiff Laurie Wallace is, and at all relevant times was, a competent adult residing in Los Angeles County and a citizen of the State of California. Plaintiff Wallace is and has been employed by Defendants within the State of California and is an "employee" as defined in Wage Order 1-2001. Named Plaintiff Wallace is employed at Defendants' Los Angeles Refinery.

5. Named Plaintiff Steve Padilla is, and at all relevant times was, a competent adult residing in Contra Costa County and a citizen of the State of California. Plaintiff Padilla has been employed by Defendants within the State of California and was an "employee" as defined in Wage Order 1-2001. Until his retirement in April 2025, Named Plaintiff Padilla was employed at Defendants' San Francisco

Refinery.

6. Named Plaintiffs bring this action individually and on behalf of the following class of individuals (the "putative class members" or collectively, the "Plaintiffs"):

> All current and former employees of Defendant Phillips 66 (or any of its affiliates or successors) who worked at the California Refineries (i.e. Phillips 66's oil refineries, chemical plants, and distribution facilities in Wilmington, California; Rodeo California; and Arroyo Grande, California and who have been assigned standby shifts that required them to be ready to answer a telephone call and report to the refinery if called, since December 2, 2022.

7. All putative class members known to Plaintiffs are citizens of California.

8. Defendant Phillips 66 is a Delaware corporation doing business in California and is a "person" as defined by California Labor Code § 18 and by California Business and Professions Code § 17201. Defendant Phillips 66 is an "employer" as that term is used in the California Labor Code and Wage Order 1-2001. Phillips 66 is headquartered in Houston, Texas.

9. Defendant Phillips 66 owns and/or operates oil refineries, chemical plants, and distribution facilities. Phillips 66 owns and/or operates the Los Angeles Refinery and the San Francisco Refinery. Phillips 66 operated the Santa Maria Refinery until approximately January 2023.

10. Plaintiffs are ignorant of the true names and capacities of Defendants sued herein as Does 1 through 10, inclusive, and therefore sue these Defendants by such fictitious names. Plaintiffs will amend this Complaint to allege Does Defendants' true names and capacities when ascertained.

11. Plaintiffs are informed and believe, and thereupon allege, that at all relevant times, Defendant, directly or indirectly, employed and/or exercised control over the wages, hours, and/or working conditions of Plaintiffs, and that the Defendants were the joint employers of Plaintiffs and/or alter egos of each other.

## JURISDICTION AND VENUE

12. This Court has jurisdiction over this action under the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d). The proposed class consists of at least 100 members. Minimal diversity exists because at least one member of the proposed class is a citizen of a state different from Defendant. Specifically, Plaintiffs are citizens of California, while Defendant Phillips 66 is a citizen of Delaware and Texas, where Phillips 66 is incorporated and headquartered. The amount in controversy exceeds

1  $5,000,000 in the aggregate, exclusive of interest and costs.

2      13.    Venue is proper in this district pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims occurred in this district, and Defendant conducts business in this district. At least one Plaintiff works for Defendant in Contra Costa County, the location of Phillips 66's San Francisco Refinery; Phillips 66 performs various contracts by Phillips 66 in Contra Costa County; and the alleged acts relating to the San Francisco Refinery occurred in Contra Costa County.

## FACTUAL ALLEGATIONS

14.    Phillips 66 has employed Plaintiffs and putative class members at its California Refineries. Because the oil refining and distribution process requires constant monitoring, employees work a continuous rotating shift during which time they are never fully relieved of duty.

15.    Plaintiffs and other employees are scheduled for and work 12-hour shifts, during which Phillips 66 uniformly requires them to remain on duty the entire shift. In addition to their regular 12-hour shifts, employees at Phillips 66's California Refineries must regularly be available for designated standby shifts.

16.    Phillips 66 requires employees at its California Refineries to be at the ready to receive calls when assigned standby shifts. If an employee cannot be reached during a standby shift, the employee is considered absent without leave and is subject to disciplinary actions. If an employee is asked to work the scheduled shift while on standby, the employee must report for duty at their assigned refinery within a reasonable time period. If an employee is not contacted during these standby shifts, the employee is not compensated at all by Phillips 66, although the employee's activities have been significantly constrained.

17.    These standby shifts impose tremendous costs on these employees. Without the security of a definite work schedule and because Phillips 66 requires employees to be available for standby shifts, workers who must be "on-call" or on "standby" are forced to make childcare and kin-care arrangements, encounter obstacles in pursuing their education, experience adverse financial effects, and deal with stress and strain on their family life. Employees cannot commit to social plans, travel far from their assigned refinery, or go to areas without cellular service while on standby.

18.    Whether or not Phillips 66 ultimately calls an employee on a standby shift and requires

the employee to work a standby shift, the employee has still suffered inconvenience and has forgone the opportunity to take on other work that could have been scheduled for the day or evening, take a class, go camping in an area with limited cell reception, and make out-of-town plans, among other restrictions.

19. In short, the requirement of having to be at the ready for standby shifts and arrive at work if called significantly limits employees' ability to, among other things, earn other income, take classes, care for dependent family members, and enjoy time for recreation.

20. Pursuant to its authority under Labor Code § 1773, the Industrial Welfare Commission promulgated Wage Order 1-2001. Wage Order 1-2001 applies to the California Refineries.

21. Pursuant to Wage Order 1-2001, an employee is entitled to reporting time pay when he or she "is required to report for work and does report, but is not put to work or is furnished less than half said employee's usual or scheduled day's work." The amount of reporting time pay that must be paid "is half the usual or scheduled day's work, but in no event for less than two (2) hours nor more than four (4) hours, at the employee's regular rate of pay, which shall not be less than the minimum wage."

22. Notwithstanding Phillips 66's standby shift policy, Phillips 66 compensates employees only when they are actually required to work during the standby shift. Phillips 66 does not credit its employees at its California Refineries for "reporting for work" when the employee is scheduled for a standby shift and is not told that he or she has to work during the standby shift. These practices have resulted, and continue to result, in Phillips 66 not paying its employees required reporting time pay.

23. Phillips 66 also routinely fails to maintain complete and accurate payroll records for Plaintiffs showing, *inter alia*, the gross and net wages earned, including wages for "reporting for work."

## ALLEGATIONS OF NAMED PLAINTIFFS

24. During the class period, Plaintiffs Sudie Pleasant and Laurie Wallace worked at Phillips 66's Los Angeles Refinery. During the class period, Plaintiff Steve Padilla worked at Phillips 66's San Francisco Refinery. During the course of their employment, Plaintiffs were required to cover (i.e., be ready to work) standby shifts.

25. When assigned to a standby shift, Plaintiffs and other employees had to be at the ready to receive a call prior to a shift change until shortly after the shift commenced. If Plaintiffs and other employees received a call, they had to arrive at the refinery within a reasonable period and be prepared

1 to work a 12-hour shift.

2   26.   Phillips 66 considered Plaintiffs and the other employees at its California Refineries as absent without leave and subjected them to discipline if they failed to answer a call during the designated time period. During their employment with Phillips 66, Plaintiffs have been frequently scheduled to standby shifts, which always involved scheduled start time and end times.

27.   Unless Plaintiffs and other employees were asked to work a standby shift, Phillips 66 did not provide them with any compensation, including reporting time pay.

## CLASS ALLEGATIONS

28.   Plaintiffs bring this action on behalf of themselves and the following ascertainable class: All current and former employees of Defendant Phillips 66 (or any of its affiliates or successors) who worked at the California Refineries and who have been assigned standby shifts that required them to be ready to answer a telephone and report to the refinery if called, since December 2, 2022.

29.   Plaintiffs reserve the right to modify the description of the class and to later designate subclasses based on the results of discovery or otherwise.

30.   **Numerosity:** The proposed class is estimated to include between 600 and 1000 members. The proposed class is so numerous that joinder of all persons is impracticable and the disposition of their claims as a class will benefit the parties and the Court.

31.   **Ascertainability:** The identities of the members of the class are readily ascertainable by review of Phillip 66's records, including, but not limited to, payroll records, timekeeping records, schedules, and other documents and other business records that Phillips 66 is required to maintain by law.

32.   **Commonality/ Predominance:** There are well-defined common interests and predominant common questions of law and fact among Plaintiffs and the putative class, including:

    a. Whether the reporting time pay requirement that an employee "report for work" requires that Plaintiffs and the class physically report for work;

    b. Whether Phillips 66's requirements that its employees (1) be at the ready to receive a call during a designated standby period; and (2) arrive at work if asked to work a standby shift or face discipline triggers California's reporting time pay obligations;

    c. Whether Phillips 66 violated and continues to violate Wage Order 1-2001;

        d.   Whether Phillips 66 violated Labor Code §§ 200-203; and

        e.   Whether Phillips 66 violated Labor Code §§ 226 and 226.3.

33.   **Typicality:** The claims alleged by Named Plaintiffs herein encompass the challenged practices and common courses of conduct of Defendant and are typical of those claims which could be alleged by any member of the proposed class. Named Plaintiffs' claims arise out of the alleged conduct by Defendant and are based on the same legal theories as the claims of the putative class members. The legal issues of which California laws are violated by such conduct apply equally to Named Plaintiffs and the putative class members. Further, the relief sought by Named Plaintiffs is typical of the relief which would be sought by each member of the proposed class if they were to file separate actions.

34.   **Superiority:** A class action is superior to other available means for the fair and efficient adjudication of this controversy, since the individual joinder of all members of the proposed class is impracticable. A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently and without the unnecessary duplication of effort and expense that numerous individual actions would engender. Furthermore, as the damage suffered by each individual of each class may be small, on a relative basis, the expenses and burden of individual litigation would make it difficult or impossible for individual members of the class to redress the wrongs done to them. Moreover, an important public benefit will be realized by addressing the matter as a class action. The cost to the court system of adjudication of such individual litigation would be substantial. Individual litigation would also present the potential for inconsistent or contradictory judgments. Adjudication of individual class members' claims with respect to Phillips 66 would, as a practical matter, be dispositive of the interest of other members or substantially impair or impede the ability of other individual members of the proposed class to protect their interests.

35.   **Adequacy of Representation:** Named Plaintiffs are proper representatives of the proposed class because they will fairly and adequately represent and protect the interests of all putative class members and because there are no known conflicts of interest between Named Plaintiffs and any putative class members. Other current and former employees of Defendant are available to serve as class representatives if the Named Plaintiffs are found to be inadequate.

36.   Named Plaintiffs have retained attorneys who are competent and experienced in class

action litigation and they intend to prosecute this action vigorously. Therefore, the interests of putative class members will be fairly and adequately protected by Named Plaintiffs and their counsel.

**FIRST CLAIM FOR RELIEF**
**FAILURE TO PAY REPORTING TIME PAY**
(Wage Order 1-2001; 8 C.C.R. § 11010)
(By Named Plaintiffs and the Putative Class Members Against All Defendants)

37. Named Plaintiffs reallege and incorporate by reference all prior paragraphs as if fully set forth herein.

38. Wage Order 1-2001 provides that "[e]ach workday an employee is required to report for work and does report, but is not put to, work or is furnished less than half said employee's usual or scheduled day's work, the employee shall be paid for half the usual or scheduled day's work, but in no event for less than two (2) hours nor more than four (4) hours, at the employee's regular rate of pay, which shall not be less than the minimum wage."

39. As set forth herein, Phillips 66 scheduled Plaintiffs for standby shifts that required them to be at the ready to receive a call and face discipline if they did not answer such call. Phillips 66 also required Plaintiffs to arrive at work within a designated time period if asked to work the scheduled standby shift. Plaintiffs were subjected to discipline if they failed to answer a call or to arrive at work within the designated time period.

40. Phillips 66 failed to pay the required reporting time pay to Plaintiffs and the Class. Plaintiffs and the Class were not paid reporting time pay nor any compensation for having to be ready to work a standby shift. Phillips 66 only compensated employees who were asked to come in and worked the standby shift.

41. As a direct and proximate result of actions as set forth herein, Named Plaintiffs and putative class members have sustained economic damages, including, but not limited to, unpaid wages and lost interest, in an amount to be established at trial, and are entitled to recover economic and statutory damages and penalties and other appropriate relief from Defendant's violations of Wage Order 1-2001.

WHEREFORE, Plaintiffs pray for judgment as set forth herein below.

**SECOND CLAIM FOR RELIEF**
**FAILURE TO PAY ALL WAGES EARNED AT TERMINATION**
(Lab. Code §§ 200-203)
(By Plaintiffs Pleasant and Padilla and All Putative Class Members Against All Defendants)

42. Named Plaintiffs Sudie Pleasant and Steve Padilla reallege and incorporate by reference all prior paragraphs as if though fully set forth herein.

43. Labor Code §§ 201 and 202 require that Phillips 66 pay their employees all wages due within 24 hours after a discharge or 72 hours after a resignation from employment, if the employee has given less than 72 hours' notice. Labor Code § 203 states that if an employer willfully fails to timely pay such wages the employer must, as a penalty, continue to pay the employee's daily wage until the back wages are paid in full or an action is commenced. The penalty cannot exceed 30 days of wages.

44. Members of the Class who have separated from Phillips 66's employment were not paid the required reporting time pay within 24 hours after a discharge or 72 hours after resignation, as applicable.

45. Phillips 66's failure to pay required reporting time pay upon termination was willful.

46. As a direct and proximate result of Phillip 66's willful conduct in not paying members of the Class all earned wages at the time their employment with Phillip 66 ended, each member of the Class whose employment with Phillips 66 ended is entitled to 30 days' wages as a penalty under Labor Code § 203.

WHEREFORE, Plaintiffs pray for judgment as set forth herein below.

**THIRD CLAIM FOR RELIEF**
**FAILURE TO FURNISH ACCURATE ITEMIZED WAGE STATEMENTS**
(Lab. Code. §§ 226 and 226.3; Wage Order 1-2001)
(By Named Plaintiffs and the Putative Class Members Against All Defendants)

47. Named Plaintiffs reallege and incorporate by reference all prior paragraphs as if though fully set forth herein.

48. Defendants failed to furnish Named Plaintiffs and the putative class members with complete and accurate itemized wage statements, as required by California Labor Code § 226(a). The wage statements, among other things, failed to accurately provide the gross or net wages earned, including reporting time pay, as required by California Labor Code §§ 226(a)(1) and (2). Named Plaintiffs are

informed and believe that, at all relevant times, Defendants' failure was knowing and intentional.

49. Named Plaintiffs and the putative class members could not easily and promptly determine from their wage statements that they were not properly paid. Wages for reporting time pay were not accurately reported or calculated, such that no calculations could be performed to derive the accurate times, rates, and pay that should have been part of their compensation. The information to make such determinations could not be readily ascertained by the wage statement, standing alone, without reference to other documents or information.

50. As a result of the Defendant's conduct as alleged above, Named Plaintiffs and the putative class members are each entitled under California Labor Code § 226(e) to recover the greater of actual damages or $50 for the initial pay period in which a violation occurred and $100 for each subsequent pay period in which Defendants failed to comply with the statute, up to a maximum of $4,000 per employee.

WHEREFORE, Plaintiffs pray for judgment as set forth herein below.

## PRAYER FOR RELIEF

Plaintiffs pray for relief as follows:

1. For an order certifying the proposed class;
2. For an order designating Named Plaintiffs as class representatives;
3. For an order designating Named Plaintiffs' counsel of record as class counsel;
4. For an award of all unpaid wages due to Named Plaintiffs and putative class members during the statutory period as defined by the Court at the time of certification;
5. For an award of damages pursuant to California Labor Code § 226(e);
6. For an award of damages pursuant to California Labor Code § 203;
7. For preliminary and permanent injunctive relief enjoining Defendant from violating the relevant provisions of the California Labor Code;
8. For prejudgment and post-judgment interest on all sums awarded;
9. For an award of attorneys' fees and costs incurred in the filing and prosecution of this action, as provided by Labor Code §§ 218.5, 226(e), and 226(h); California Code of Civil Procedure §1021.5; and any other appropriate statutes;
10. For costs of suit; and

11. For such other and further relief as the Court may deem proper and just.

Dated: December 2, 2025

Respectfully submitted,

**HADSELL STORMER RENICK & DAI LLP**
By: */s/ Randy Renick*
　　　Attorneys for Plaintiffs

**DEMAND FOR JURY TRIAL**

Named Plaintiffs Sudie Pleasant, Laurie Wallace, and Steve Padilla, individually and on behalf of all similarly situated current and former employees of Defendant, hereby request a jury trial on all claims so triable.

Dated: December 2, 2025

Respectfully submitted,

**HADSELL STORMER RENICK & DAI LLP**

By: */s/ Randy Renick*
Attorneys for Plaintiffs